IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                Case No. 10-10041-JTM

JUAN CARLOS ROMERO,
    Defendant.

MEMORANDUM AND ORDER

Defendant Juan Romero pled guilty to possession with intent to distribute 32.8 grams of cocaine, and on January 7, 2011, was sentenced to 120 months imprisonment. (Dkt. 216). Romero filed no direct appeal of his sentence. Other than an agreed-to January 4, 2017 order designating his sentence to run concurrently to a state sentence (Dkt. 287), there has been no alteration to the sentence originally imposed by Judge Brown in 2011.

The matter is now before the court on Romero's Motion to Set Aside Forfeiture (Dkt. 289), which seeks recovery of property including a 2006 Dodge Ram pickup truck (which defendant values at $18,000), a camera, a television, two game consoles, and $2,300 in cash. Romero alleges the government deprived him of due process by failing to give him notice of the reasons for the seizure or the procedures for challenging it.

The government opposes the motion. With the exception of the pickup truck, all of the property now claimed by Romero was seized by the Kansas Department of Revenue for failure to pay required drug taxes. The property was not forfeited to the federal government. On June 2, 2010, the government published its intent to obtain forfeiture of the pickup in a separate action. *United States v. One 2006 Dodge Ram Pickup*, No. 10-1146-KHV (D. Kan. July 12, 2010). Judge Vratil approved the forfeiture in a final order entered September 17, 2010. (*Id.*, Dk.t 11).

"Criminal forfeiture is part of a defendant's criminal sentence, which a defendant is required to challenge on direct appeal." *United States v. Grigsby*, 579 Fed.Appx. 680, 687 (10th Cir. 2014) (citations omitted). Civil forfeiture is governed by 18 U.S.C. § 983, which provides certain notice rights as to both judicial and nonjudicial forfeitures.

Here, the forfeiture of the truck was civil in nature. The criminal judgment (Dkt. 216, at 6) omits any reference to forfeiture of property, and the matter was not addressed at Romero's sentencing. (Dkt. 272). Romero does not allege that he was unaware of the seizure of the property itself. Rather he alleges that "[t]here was no explaination [sic] *on the reasons* for seizing the ... property other than that it was a taxation [sic] for drug offenses." (Dkt. 289, at 2) (emphasis added).

Accordingly, Romero's challenge to the seizure falls within Section 983(e)(1)(A), as a claim that "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice." Section 983(e)(2)(B) provides that civil forfeiture orders may be challenged under §

983(e)(1)(A) within 60 days (if nonjudicial) or 6 months (if judicial). Moreover, Section 983(e)(B)(3) provides that a motion to set aside forfeiture, on whatever grounds, must be made within 5 years of publication of the seizure of the property.

The government supplied the required notice to the defendant. Moreover, defendant's motion is precluded by the statute. The defendant seeks the return of property over seven years after it was seized, nearly seven years after the final order of forfeiture, and six and a half years after he was convicted for drug trafficking. The motion is untimely.

IT IS ACCORDINGLY ORDERED this 30th day of August, 2017, that defendant's Motion to Set Aside (Dkt. 289) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE